Totten, J.,
delivered the opinion of the court.
The action is covenant on a warranty of the soundness of a slave, sold by Morgan, the defendant, to Winston, the plaintiff. There was judgment for the plaintiff, and defendant appealed in error.
*473 1. The plaintiff took the deposition of Harris Hill, and asked the witness to state the appearance and condition of the slave; answer; “a short time before her death her flesh wasted away very rapidly,” &c., “she had such symptoms as I believe persons generally have, who die of secondary syphylis, which I suppose to be her disease.” At the trial, the plaintiff moved the court to strike this latter clause from the deposition, before it was submitted to the jury, which was done and defendant excepted.
In this, there was no error. The evidence was illegal in itself, being a mere opinion of a non-professional witness. The illegality was not waived by the plaintiff, because it was no- answer to his question. The question was proper, and a witness will not be permitted, in answer to a legal question, to- state what is illegal as evidence, to the prejudice of the party that calls him, and not in answer to his question. In such case, the party is not bound or precluded by the answer, and may himself object to its competency, though the person be his own witness. It may be otherwise, if he ask a question, that is illegal, and it be answered by the witness without objection, for that is a waiver of any objection.
2. The defendant moved the court for a new trial, to enable him to procure the evidence of the said witness, stating that as it was taken by the plaintiff, he considered it as evidence in the cause, and was surprised, and deprived of it, by the action of the court in striking it out.
This was no cause of surprise. The defendant was bound to know that the evidence, in its present form, was illegal, and that it was in the power of the plaintiff to exclude it.
*474 3. The plaintiff, after he purchased said slave, sold her with warranty of soundness, to Harris Hill, who sued him and recovered damages on that warranty. At the trial in the present case, the plaintiff offered the record of that recovery, in evidence, and it was admitted, as the judge stated to the jury, “as a collateral fact, but not to influence their verdict.” The jury, however, included in their verdict, a part of the costs of that suit, which the plaintiff afterwards remitted. To the admission of this record, the defendant excepted, and now insists that it was error.
The general rule is, that a verdict or judgment in a former action, upon the same matter directly in question, is evidence for or against privies in estate, as well as for or against parties to the suit; 1 Phil., on Ev., 321; but Trot against a stranger, who had no right to examine witnesses, or to defend himself, or to ,.appeal against the judgment; 1 Phil. Ev., 326; and persons not having these rights, are regarded as strangers to the suit; 1 "Greenl. Ev., § 523.
Now, what is the issue in the present case ? It is, whether the slave was sound, or diseased, at the date of the covenant of warranty, October 16, 1841; whereas, the issue in the other suit was, whether the slave was sound at a subsequent 'time. The issues are not, in substance and effect, the same. It might well be, that the •slave was sound at the one time, and unsound at the other. ■ If the title had- been the issue in each suit, the record in the one, would be evidence in the other, because of the priority of estate, and the identity of the issue.
But it is said, the record was competent to prove a collateral fact; that is, that a recovery had been had *475 against tbe plaintiff on bis covenant of warranty. Tbe’ rule referred to, will not apply in tbe present case. A collateral fact is not evidence, unless it be connected with a direct fact, material in the case. “Thus, a judgment against a sheriff, for tbe misconduct of his deputy, is evidence against tbe latter, of tbe fact, that tbe sheriff has been compelled to pay tbe amount awarded, and for tbe cause alleged; but it is not evidence of the alleged misconduct of tbe deputy;” 1 Greenl. Ev., § 536. If, however, such misconduct be otherwise made to appear, then tbe judgment against tbe sheriff becomes tbe measure of bis recovery against tbe deputy; 4 T. R. 590; 2 East., 459; 1 Phil. Ev., 326.
Tbe principle can have no application in the present case. Tbe record in question is not evidence against this defendant, to prove that tbe slave was unsound at tbe date of bis warranty; nor, that fact appearing by proof aliunde, is it the measure of damages to which tbe plaintiff is entitled. For the disease at those different periods of time, may not be tbe same or continuous; and if it were, tbe defendant was not notified and required to defend.
’Tis true, tbe judge says, be admits tbe record in evidence, “as a collateral fact, but not to influence them verdict.” For what purpose, then, was it admitted? "We have seen that it was incompetent, either as direct or collateral proof, in tbe present case. It was admitted as evidence, and yet it was not to influence the verdict. We think it reasonable and fair to suppose, that it must have that effect, though tbe judge may not so intend. If it was not to influence tbe verdict, it was not proper to admit it; or being inadvertently admitted, it should have been withdrawn and excluded. But the record was left *476 with the jury, and in fact did have its effect, to some extent, as we have seen; but to what extent, it is not possible or material to know. It was well calculated to influence the verdict, and having been illegally submitted to them as evidence, the verdict cannot stand.
Ke verse the judgment, and remand the cause for a new trial.
Judgment reversed.